No. 23,017.

CHARLES V. DANIELS, *Appellant*, v. JENNIE C. HUMMEL, et al., *Appellees*.

#### SYLLABUS BY THE COURT.

SPECIFIC PERFORMANCE—*Oral Contracts to Convey Land—Remarks of Trial Judge—Election of Remedies.* In an action for the specific performance of a contract to give property to the plaintiff in consideration of his caring for the owner during his life it is held that a statement made by the court in overruling a motion to require an election did not show a misconception of the issues which was prejudicial to the plaintiff, and that there was sufficient competent evidence to support a judgment for the defendants.

Appeal from Mitchell district court; WILLIAM R. MITCHELL, judge. Opinion filed February 12, 1921. Affirmed.

*R. L. Hamilton, C. L. Kagey,* and *Omer D. Smith,* all of Beloit, for the appellant.

*R. W. Turner, D. F. Stanley,* both of Mankato, *Frank A. Lutz,* and *A. E. Jordan,* both of Beloit, for the appellees.

The opinion of the court was delivered by

MASON, J.: David Smith died intestate October 2, 1918, while holding the record title to a residence property which was occupied by Charles V. Daniels and his wife. Daniels brought an action against the heirs for the specific performance of a contract he alleged to have been made by Smith by which the plaintiff was to have the property in consideration of his caring for Smith and making a home for him during his life. On the evidence the court found for the defendants, and the plaintiff appeals.

At the conclusion of the plaintiff's evidence the defendants moved that he be required to elect whether he would rely upon an oral contract by which he was to have the property when Smith was through with it, or on a conversation in which Smith had said to Mrs. Daniels that he was going to make a will—"In other words, whether upon the theory that it was a contract, an alleged contract to convey and reserving a life estate, or to make a will." The abstract shows that in response to this motion, presumably as indicating that it was overruled, the court said:

"I think there is only one allegation of a contract and that is a contract of deed. Under the allegations it seems to me that is merely an allegation to show his intention, if he said he would make this will. I don't think there is any attempt to show an agreement for a will as I interpret the petition anyway."

The plaintiff contends that this language shows that the court misinterpreted the issues to his disadvantage. The allegations of the petition bearing upon the matter are as follows:

"Said Charles V. Daniels and said David Smith entered an oral agreement by the terms of which agreement said Charles V. Daniels and wife were to move into the house on the above-described property owned by the said David Smith, and were to provide a home in said house for the

said David Smith for the remainder of the natural life of the said David Smith; in consideration of which services said David Smith agreed to convey said premises to the plaintiff, subject to a life estate in said property in him, the said David Smith. . . . That at divers times thereafter, the exact dates of which plaintiff is unable to give, the said David Smith, in order to make this plaintiff feel more secure as to receiving aforementioned property, orally agreed to will the above-described property to this plaintiff."

We think the trial court was justified in treating the allegation that Smith had agreed to convey the property to the plaintiff subject to a life estate in himself as referring to a contract for the making of a deed, and this whether or not a will may properly be spoken of as a conveyance. And the allegation with reference to the agreement to make a will does appear to have been pleaded rather as confirmatory of the original contract than as the making of a new one. However, what was said in this regard must be interpreted as having relation to the motion to require an election, which was in effect overruled. There is nothing in the record to indicate that the court adopted any narrow construction of the petition to the prejudice of the plaintiff. Evidence was admitted that Smith had said he was going to make a will and give the plaintiff the property in question. We see no reason to suppose that the plaintiff would have been denied relief on account of the means by which title was to have been vested in him, if the court had believed that a contract had been made, and performed on his part, by which he was to become the owner of the property by any method of transfer, in consideration of his providing a home for Smith during his life. No special findings were made or asked and in support of the judgment it must be presumed that the court decided the case upon its substantial merits.

The evidence on behalf of the plaintiff, if given full credence, was sufficient to justify a judgment in his favor. But the burden of proof was upon him and the court was not required to accept the testimony of his witnesses implicitly even in the absence of explicit contradiction. The defendants' evidence included testimony, the competency of which is not challenged, tending to show that Smith had paid board during his stay in the plaintiff's family and that after his death the plaintiff for a considerable period made no claim to the ownership of the property, but discussed the amount of rent he was to pay for

it. If these statements were accepted they formed a sufficient basis for discrediting the whole theory of the plaintiff's case. The decision of the trial court upon the facts must therefore be regarded as final.

Complaint is made of rulings admitting and rejecting evidence. The trial was had without a jury and the admission of incompetent evidence would not justify a reversal so long as there was sufficient competent evidence to support the decision, which we find to be the case, as indicated by what has already been said. Nor can a reversal be had for the exclusion of evidence, for no verified showing was made of its effect.

The judgment is affirmed.