Rooney v. McDermott.

---

No. 23,644.

JAMES AUGUSTUS ROONEY, *Appellant*, v. JUDA McDERMOTT, *Appellee*.

SYLLABUS BY THE COURT.

1. ACTION TO RECOVER REAL PROPERTY—*Statute of Limitations*. In an action to recover the possession of real property under an oral contract by which the deceased owners agreed that they would receive the plaintiff, a minor, into their family and treat him as their own child and rear and nurture him as though he were born to them, and by which contract he was to render to them his services and obedience during his minority, for which the deceased owners agreed that the plaintiff should receive at their death one-half of all their property, both real and personal, of which they might die seized, the fifteen-year statute of limitations controls; and the action is not barred if it is commenced within that time.

2. SAME—*Fifteen-year Statute of Limitations*. The plaintiff cannot be defeated in his right to recover by reason of the fact that he did not commence his action until near the expiration of fifteen years after the cause of action accrued.

Appeal from Kiowa district court; LITTLETON M. DAY, judge. Opinion filed March 12, 1923. Reversed.

*John W. Davis*, of Greensburg, for the appellant.
*O. G. Underwood*, of Greensburg, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff appeals from a judgment rendered against him on the defendant's demurrer to the plaintiff's petition. The petition alleges that the plaintiff is the equitable owner of an undivided one-half interest in certain real property in Kiowa county, that he is entitled to the possession thereof, and that the defendant unlawfully keeps him out of such possession. The petition further alleges that the plaintiff—

"Was born on or about the first day of January, 1882, that his parentage is unknown to him; that in the year 1891 plaintiff was adopted by James T. Wallace and Susan Wallace, husband and wife, who lived near Mullinville, Kansas; that said James T. and Susan Wallace made an oral agreement with plaintiff and with the persons who had the custody of plaintiff, by the terms of which plaintiff was to be received into their family and treated as their own child, reared and nurtured as though born to them, they to receive his services and obedience during plaintiff's minority, and whereby they agreed that plaintiff should receive at their death one-half of all the property, both real and personal, of which they might die seized and possessed; that plaintiff fully performed his part of said contract, and entered the family of the said James T. and Susan Wallace, and lived with them, and was recognized by them as their adopted son, and was given by them the name of James A. Wallace; that he continued to reside with them, and gave them his services and affection and obedience until their death at the times hereinafter stated."

The petition also alleges that James T. Wallace died on January 3, 1893, and that Susan Wallace died on July 25, 1905. Another allegation of the petition is that—

"Although formal adoption proceedings were had, and although the same were completely carried out, both by himself and the said James T. and Susan Wallace, no record of the same was made by the probáte court of Kiowa county, and if said proceedings were reduced to writing the same were lost and destroyed among other records of the probate court of said county."

Another allegation of the petition is that—

"The defendant has for more than ten years last past resided outside of the state of Kansas and has during all of said time been absent from the state of Kansas."

The plaintiff prays—

"That he may be adjudged to be the owner of an undivided one-half interest in and to all of the above-described real property; that he have and recover from the defendant the possession thereof; that said defendant be required to account to plaintiff for one-half of the rents and profits of said land; and that said contract whereby plaintiff was adopted by the said James T. and Susan Wallace be specifically enforced."

The petition was filed July 24, 1920.

We quote from the plaintiff's brief as follows:

"The actual order of adoption was probably never made by the probate court of Kiowa county, or, if made, may not have been recorded, or, if made and recorded, it may have been destroyed by fire. The petition sets forth the facts respecting the order for adoption, as far as they are known.

"This action is brought upon the contract to adopt the plaintiff, by the terms of which plaintiff was to receive, upon the death of his foster parents, one-half of all the property, both real and personal, of which they might die seized and possessed."

1. The plaintiff contends that this is an action for the recovery of real property and that the fifteen-year statute of limitations applies. The defendant contends that it is an action on a contract not in writing and that the three-year statute of limitations applies. What is the plaintiff seeking in this action—to recover real property, or to enforce a contract? If the plaintiff prevails, he will obtain possession of the land because he is the owner of it. If he is the owner, it is because he performed his part of the contract by which James T. Wallace and Susan Wallace agreed that they would adopt him and that at their death the plaintiff should have one-half of their property. The contract and its performance must be proved or the plaintiff cannot recover, but when he does prove those facts, he establishes his ownership to the property and his right to recover it. The plaintiff is not seeking to enforce the contract by compelling its performance. He is seeking to recover the benefits given by the performance of the contract. If he proves the contract and its performance by him, his title will be equitable only; but, proof of an equitable title is sufficient to enable him to recover. (*K. P. Rly. Co. v. McBratney,* 12 Kan. 9; *Stout v. Hyatt,* 13 Kan. 232; *Pope v. Nichols,* 61 Kan. 230, 59 Pac. 257.)

Section 15 of the code of civil procedure in part reads:

"Action for the recovery of real property, . . . can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no time thereafter. . . . An action for the recovery of real property not hereinbefore provided for, within fifteen years."

Section 17 of the code in part reads:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: . . . Within three years: An action upon contract, not in writing, express or implied."

By the terms of section 17 of the code of civil procedure, the three-year statute of limitations is excluded from this action, because for that statute to control the action must be one other than for the recovery of real property. The real purpose of this action is the recovery of real property, and the fifteen-year statute of limitations controls. The action was not barred at the time it was commenced.

2. The defendant urges that the plaintiff has been guilty of laches in not commencing his action sooner. With that contention this court cannot agree. The statute of limitations governs. The plaintiff had fifteen years in which to commence his action.

The judgment is reversed, and the cause is remanded with directions to the trial court to overrule the demurrer to the petition.

BURCH, J., dissenting.

HARVEY, J. (dissenting): Every suit must have a basis for its existence—something upon which it is founded, as a natural right or a right created by statute or by contract, which has in some way been violated by some one. In this case the plaintiff relies upon a contract. Appellant in his brief says:

"This action is brought upon the contract to adopt the plaintiff, by the terms of which plaintiff was to receive, upon the death of his foster parents, one-half of all property, both real and personal, of which they might die seized and possessed."

In the natural order of things, the first thing for plaintiff to do in the trial of the case is to prove his contract. If he fails in that, his action ends in his defeat. If he proves his contract, then he may prove compliance with its terms on his part, the failure of other parties to comply with the terms of the contract on their part, and show the relief to which he is entitled under the situation at the time the suit was filed.

Suits growing out of contracts of this kind have been before this court many times and in different forms: for the specific performance of the contract, as in *Berry v. Davenport*, 106 Kan. 393, 188 Pac. 233; suits for damages for failure to perform; claims against estates in probate court, as *Heery v. Reid*, 80 Kan. 380, 102 Pac. 846; suits to set aside a will and enforce the alleged oral contract, as in *Nash v. Harrington*, 110 Kan. 636, 205 Pac. 354; suits to declare and enforce trusts; but in whatever form the litigation has arisen, the primary question in every case is whether or not there was a contract. If not the plaintiff has been defeated. (*Ayres v.*

*Hull,* 5 Kan. 419; *Greenwell v. Greenwell,* 28 Kan. 675; *Daniels v. Hummel,* 108 Kan. 422, 195 Pac. 604; and *Nash v. Harrington,* 110 Kan. 636, 205 Pac. 354.)

In *Alexa v. Alexa,* 108 Kan. 38, 193 Pac. 1083, the suit was to set aside a will and a deed which plaintiff claimed had been made in fraud of his rights under such an oral agreement. The court said:

"The one important and controlling fact in issue was whether plaintiff's father and mother had ever made an agreement with him . . . to give him all the property at their death. All else was mere evidentiary detail." (pp. 42, 43.)

In *Engelbrecht v. Herrington,* 101 Kan. 720, 172 Pac. 715, being a suit for specific performance of an oral contract of the kind in question, it was said:

"An action upon an oral contract like the one under which plaintiff claims is barred within three years after the cause of action accrues." (p. 723.)

It seems clear that the plaintiff's suit is founded upon the oral contract alleged in the petition, and that the three-year statute of limitation applies, from which it follows that the judgment of the court below should be affirmed.