No. 33,892

OSCAR T. HERTHEL, *Appellant*, v. TALITHA BARTH and ——— BARTH, Her Husband, *Appellees*.

(81 P. 2d 19)

Opinion filed July 9, 1938.

*J. N. Tincher, Clyde Raleigh,* both of Hutchinson, *Leaford F. Cushenbery,* of Medicine Lodge, *Ed Rooney* and *Jacob A. Dickinson,* both of Topeka, for the appellant.

*R. C. Russell,* of Great Bend, for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This action was brought to obtain a decree to impress land with a constructive trust in favor of the plaintiff, which trust was alleged to have grown out of and to have been created by reason of defendants' fraudulent representations and fraudulent oral agreement to convey title to the land and the breach of that agreement. A general demurrer to the petition was sustained, and from that ruling plaintiff appeals.

The amended petition in substance alleged: Plaintiff's residence is Claflin, Barton county, Kansas, and defendants are residents of Broken Arrow, Okla. Plaintiff and the defendant, Talitha Barth, were the brother and sister of one Emil Herthel, formerly a resident of Barton county; Herthel died April 21, 1930, at the State Hospital for the Insane at Larned; Emil Herthel died seized in fee of the four tracts of land described in the petition; the deceased had personal property in the amount of approximately $7,000, Emil Herthel left a pretended will by which all of his estate, except a small amount in cash bequests, was devised and bequeathed to the defendant, Talitha Barth; immediately after the death of Emil Herthel, the defendant Talitha Barth, discussed with plaintiff the mental condition of the testator, prior to and including the time the will was made, and Talitha Barth knew and stated that she knew Emil Herthel was mentally sick and unsound at the time his will was made, and did not have the proper mental capacity to make a will; before the will was admitted to probate the defendants, Talitha Barth and her husband, ——— Barth, talked to plaintiff in regard to his allowing the will to be probated without contesting the same; Talitha Barth agreed with plaintiff the property of Emil Herthel had been improperly and inequitably distributed between the surviving heirs; Talitha Barth and her husband agreed and represented to plaintiff that in consideration of his allowing the will to be probated and in consideration of his not bringing an action to contest the will, the property would be divided with plaintiff, and that plaintiff would receive as his share of the testator's estate, certain land described in the petition; that relying upon said agree-

ment and representations by Talitha Barth, plaintiff allowed the will to be probated and brought no action to set it aside; plaintiff had fully performed his part of the contract and defendants had accepted such performance prior to June 24, 1931; defendants have been non-residents of the state of Kansas continuously since 1930, when plaintiff and defendants entered into the agreement, and since that time plaintiff has not been able to obtain service of summons on defendants within the state of Kansas.

The amended petition further states in substance: That subsequent to the time of the original agreement plaintiff and Talitha Barth, at various times, discussed the division of the property, and that Talitha Barth wanted to substitute another piece of land in place of the land agreed upon, but that plaintiff refused to allow her to change the agreement; the only controversy which was ever had between plaintiff and defendant, Talitha Barth, was relative to the proposed substitution of land by Talitha Barth; the legal title to all property herein described stands in the name of Talitha Barth; the property Talitha Barth agreed to convey to plaintiff is in fact and in law the property of and belongs to plaintiff; whatever title or interest defendant, Talitha Barth, now has was gained and acquired *through the false and fraudulent representations on her part in not dividing the property in accordance with the agreement; that by reason of the false and fraudulent representations and agreement on the part of the defendant, Talitha Barth, in getting the title to the property through the will,* in equity and in law, a constructive trust should be impressed upon the property, and that Talitha Barth is in fact only a trustee for the property and that the beneficial interest of and the real ownership of the property is in the plaintiff; plaintiff is entitled to an accounting for the rents and profits from the time of testator's death; by reason of the premises plaintiff is entitled to have the title to the property quieted in him and to be adjudged to be the owner thereof in fee simple.

The trial court sustained the demurrer on the following theories: (1) the order admitting the will to probate was never vacated or set aside and hence the question presented by plaintiff is *res judicata;* (2) the action constituted a collateral attack on the order of probate and in fact was a contest of the will; (3) the alleged oral contract was in violation of the statute of frauds (G. S. 1935, 33-105, 33-106) ; (4) the action was on an oral contract and was barred after three years (G. S. 1935, 60-306, *Second*) ; (5) the action was also

barred after two years as the relief sought was based on fraud (G. S. 1935, 60-306, *Third*) ; (6) the law of trusts did not apply.

Talitha Barth was the principal defendant, and we shall refer to both defendants as appellee. Appellee urges the demurrer was properly sustained on each ground. Appellant contends:

"1. The breach by a devisee of an agreement with an heir to convey land in consideration of forbearance to contest a will is a proper cause for equitable relief against the devisee.

"2. When an agreement by a devisee to convey land to an heir in considera-tion of forbearance to contest a will has been fully performed by the heir, equity should impress the lands to be conveyed under the agreement with a constructive trust for the heir nowithstanding the statute of frauds.

"3. An action for equitable relief for breach of an agreement to convey land in consideration of forbearance to contest a will is neither a contest of the will nor a collateral attack upon the order admitting the will to probate.

"4. This action for equitable relief, commenced six years after the date of the oral agreement, when the defendants have been at all times nonresidents of this state, is not barred by any statute of limitations."

In the view we take of this case it is unnecessary to treat the vari-ous contentions of the parties. We have concluded the action was barred, and need, therefore, consider only that question.

Appellant insists a constructive trust was pleaded which in equity operated to invest him not only with the equitable but the legal title as well. Assuming, without deciding, that a constructive trust was created the action is nevertheless barred. Appellant contends the action is one for the recovery of real estate and the fifteen-year statute of limitations is applicable (G. S. 1935, 60-304, *Fourth*), and that if the two-year statute of limitations pertaining to fraud, namely G. S. 1935, 60-306, *Third,* is applicable, then that statute has been tolled by reason of defendants' nonresidence from the state at all times since the oral agreement was made immediately after testator's death on April 21, 1930. The cause of action on the theory of the petition accrued not later than June 24, 1931, or approxi-mately six years prior to the commencement of this action, on June 10, 1937.

We shall first treat appellant's contention that the fifteen-year statute and not the two-year fraud statute, was applicable. The mere fact an action pertains to real estate does not necessarily con-stitute it an action for the recovery of real estate. (See various illustrations in *Maine v. Payne,* 17 Kan. 608.) Appellant's theory is that a constructive trust was created by reason of appellee's fraud. On his own theory, therefore, before he was entitled to the possession of the land, he was obliged to destroy the title of appellee

and acquire that title for himself. This he could only do in this case, if at all, by first establishing the fraudulent contract. Looking beyond the mere form of the action and to the real issue involved, we find the gist of the action was "relief on the ground of fraud." That appellant may combine a request for relief upon the ground of fraud with a request for the title to the land may be conceded, but before he is entitled to the land he is obliged to establish his title to the land. (*Foy v. Greenwade,* 111 Kan. 111, 118, 206 Pac. 332.) That title, according to appellant's own theory, depended entirely upon the establishment of appellee's fraud. How long could he wait to assert title which was withheld by reason of fraud? Clearly, not fifteen years. To hold he could delay his action more than two years would require that we completely ignore the two-year statute providing for relief on the ground of fraud. (G. S. 1935, 60-306, *Third.*) It has been repeatedly held that where such right to relief is based on fraud, the action is barred after two years. (*Main v. Payne,* supra; *Kahm v. Klaus,* 64 Kan. 24, 67 Pac. 542; *New v. Smith,* 86 Kan. 1, 110 Pac. 380; *Foy v. Greenwade,* supra; *Pinkerton v. Pinkerton,* 122 Kan. 131, 251 Pac. 416; *Bell v. Bank of Whitewater,* 146 Kan. 901, 906, 73 P. 2d 1059.) In the case of *Foy v. Greenwade* it was held:

"Where one has been fraudulently induced to give a quitclaim conveyance to his interest in real estate, and he brings an action to set aside the conveyance and for a recovery of his interest in the land, the first phase of such action is for relief on the ground of fraud and such action must be begun in two years, and this rule governs although, if the relief on the ground of fraud is timely asked and obtained, the second phase of the action—to recover his interest in the property—may be commenced at any time within fifteen years." (Syl. ¶ 2.)

Appellant relies upon the cases of *Rooney v. McDermott,* 113 Kan. 18, 213 Pac. 631, and *Rooney v. McDermott,* 121 Kan. 93, 246 Pac. 183, as authority for the contention the fifteen-year statute is controlling. In those cases the court was divided as to the applicable statute of limitations. In neither of them, however, was the relief sought predicated on fraud. Where the action sounds in fraud, as in the instant case, the fraud statute, as heretofore indicated, controls. It therefore follows that when a party has once established his right or title to the land within the time prescribed by the fraud statute he then has fifteen years from the time the action accrued within which to recover possession of the property.

That the statutes of limitation, in such cases as this, apply where relief is sought on the theory of constructive trusts growing out of

fraud, cannot be doubted. (*Main v. Payne,* supra; *Kennedy v. Kennedy,* 25 Kan. 151; *City of Clay Center v. Myers,* 52 Kan. 363, 35 Pac. 25; *Kahm v. Klaus,* supra; *Bell v. Bank of Whitewater,* supra; 37 C. J. Limitations of Actions, Implied or Constructive Trusts, § 270; Restatement, Restitution, §§ 148 (2) and 179.) G. S. 1935, 60-313, provides:

"When a right of action is barred by the provisions of any statute, it shall be unavailable either as a cause of action or ground of defense."

It has been expressly held that statute is broad enough to include all actions, whether legal or equitable. (*Hogaboom v. Flower,* 67 Kan. 41, 43, 72 Pac. 547.) Furthermore, our statute of limitations with respect to actions for relief on the ground of fraud makes no exception relative to constructive trusts resulting from fraud. We are not permitted to ingraft new exceptions onto the statute. (*Regier v. Amerada Petroleum Corp.,* 139 Kan. 177, 183, 30 P. 2d 136.)

Did nonresidence of appellee in this case toll the statute of limitations? Appellant contends it did, citing G. S. 1935, 60-309, the pertinent portion of which tolls the statute during the period of the defendant's absence from the state. Appellant's own theory of his lawsuit was that a constructive trust was impressed on the land, the *res.* According to his petition he instituted this action while unable to obtain personal service on appellee, and in order to obtain a judgment which would operate only in rem. He therefore knew, or should have known, that he could obtain no personal judgment against appellee for an accounting. The action to affect the *res* could have been instituted at any time after June 24, 1931, in the county where the land was situated (G. S. 1935, 60-501), and service could have been obtained by publication. (G. S. 1935, 60-2525; *Reeves v. Pierce,* 64 Kan. 502, 67 Pac. 1108; *Clingman v. Hill,* 104 Kan. 145, 148, 178 Pac. 243.) The relief sought being against the *res,* which was within the state, the action was not tolled by appellee's nonresidence. (*Hogaboom v. Flower,* supra; *Bell v. Hernandez,* 139 Kan. 216, 222, 30 P. 2d 1101.) In the Hogaboom case it was said:

"Conceding the contention of the plaintiff in error that there was no personal liability resting upon any person to pay this debt, she then held only a lien on the real estate. The fact that the holder of the legal title was absent from the state did not prevent her from enforcing such lien by a proper action at any time after the maturity of the debt, nor suspend the statute of limitations. Having no personal cause of action against any of the holders of the legal title, their presence or absence from the state was immaterial so

far as her foreclosure proceedings were concerned. She had her proceeding in rem to enforce her mortgage lien." (p. 42.)

In support of appellant's contention against the above authorities he cites the case of *C. K. & N. Rly. Co. v. Cook,* 43 Kan. 83, 22 Pac. 988, which case is based upon the early ejectment case of *Morrell v. Ingle,* 23 Kan. 32. Actions in ejectment, of course, are frequently mixed actions in that they partake of the nature of actions both in rem and in personam. (19 C. J. Ejectment, § 4.) We think the rule laid down in the Hogaboom and Bell cases, and in the authorities therein cited, is basically sound and controlling in the instant case. The order sustaining the demurrer is affirmed.

ALLEN, J., dissenting.