No. 43,622

INEZ M. KING, Guardian of Helena M. Robbins, *Appellant,* v. HARRY NEAL ROBBINS and AGNES ROBBINS, also known as AGGNES ROBBINS, his wife, *Appellees.*

(392 P. 2d 154)

Opinion filed May 9, 1964.

*Ernest A. Warden* and *Robert H. Nelson,* both of Wichita, argued the cause, and *Clark G. Owens,* also of Wichita, was with them on the brief for the appellant.

*G. Leroy Warner,* of Wichita, argued the cause, and *Ray H. Tinder,* also of Wichita, was with him on the brief for the appellees.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal from an order of the district court sustaining a demurrer to the amended petition of the appellant.

The principal question is whether the amended petition states a cause of action for the recovery of real property. If so, the 15-year statute of limitations is applicable and the trial court was erroneous in sustaining the demurrer.

The appellant, after stating that she and the defendants were residents of the city of Wichita, Sedgwick County, Kansas alleged in her amended petition:

"1. That she is filing this Petition on behalf of Helena M. Robbins, for whom she was appointed guardian in the Probate Court of Sedgwick County, Kansas on November 24th, 1961.

"2. That this is an action to cancel and set aside two deeds and thereby recover real property for the said Helena M. Robbins.

"3. That the said plaintiff on the 22nd day of March, 1962, was granted

permission by the Probate Court of Sedgwick County, Kansas to bring this action.

"4. That on the 2nd and 3rd days of March, 1953, the said Helena M. Robbins was the owner of the following real property located in Sedgwick County, Kansas: [Describing two tracts of farm land.]

"5. That the said Helena M. Robbins, being then old and infirm and by reason thereof incapacitated from attending properly to business, the defendants on or about March 2nd and 3rd, 1953, fraudulently taking advantage of said incapacity, which they well knew, induced her to sign a certain writing, without paying her any consideration therefor and which writing they falsely and fraudulently represented to be a will, instead of warranty deeds to the defendant Harry Neal Robbins with a life estate reserved for the said Helena M. Robbins. That said warranty deeds were made out to the said Harry Neal Robbins and that the defendant, Agnes Robbins, also known as Aggnes Robbins, has claim to said property by virtue of being the wife of said Harry Neal Robbins.

"6. That on March 14th, 1953, the defendants, either in person or by their attorney, had said deeds recorded bearing a notarization of the said Helena M. Robbins' signature as of March 3, 1953, although the said Helena M. Robbins to her knowledge did not sign any such instrument. A copy of said deeds are attached hereto and marked Exhibit 'A' and Exhibit 'B'. [These deeds were notarized by Ray H. Tinder, presently appearing as counsel for the appellees, Harry Neal Robbins and Agnes Robbins, his wife.]

"7. That on March 4, 1953, the said plaintiff, being then 75 years of age, went from Wichita to Arkansas, where on March 5th, 1953, she was married to a youth in his early twenties. Thereafter, she went to Tulsa, Oklahoma where she became gravely ill.

"8. That upon her recovery she discovered the misrepresentation which had been made to her and on June 16, 1953, she filed suits in the District Court of Sedgwick County, Kansas, to quiet title on said property. The number of said quiet title action is A 45466 and said case was dismissed with prejudice on March 4, 1954.

"9. That subsequent to June 16, 1953 and prior to March 4, 1954, the defendants entered into an *oral contract* with the said Helena M. Robbins, in substance as follows:

"(A) That if the said Helena M. Robbins would divorce her young husband and would dismiss with prejudice the quiet title action she had filed, the defendants would reconvey to her by deed said real property she had been led to believe was being held in trust for her.

"(B) That said oral contract was partially completed on the night of November 21, 1953, between the said Helena M. Robbins and the defendants at the Starlite Motor Lodge, 6345 East Kellogg, Wichita, Kansas; that said oral contract was completed on the morning of November 22, 1953; that said oral contract was reiterated at the St. Joseph Hospital on November 24, 1953, and again reiterated on December 4th, 1953, and was further reiterated on other occasions prior to the dismissal of said actions, the exact dates of which can not be furnished by the said Helena M. Robbins.

"10. *That in conformity with said agreement the said Helena M. Robbins, acting in good faith upon the promises made to her, did obtain a divorce, in case No. A 47550 in the District Court of Sedgwick County, Kansas, on January 26, 1954, and did dismiss said quiet title action referred to herein with prejudice on March 4, 1954, but the defendants, despite the requests of the said Helena M. Robbins, failed to perform their part of said contract by refusing to reconvey to the said Helena M. Robbins by deed the said real property she had been led to believe was being held in trust for her.*

"11. That this action is for recovery of real property and comes within the 15 year statute of limitations as provided in Sec. 60-304 (fourth) of the General Statutes of Kansas.

"12. That said Helena M. Robbins, after dismissing said actions, repeatedly asked that her property be returned to her.

"13. That in 1955 the said Helena M. Robbins declared her last will and testament in which she denied that the defendant, Harry Neal Robbins, was owner of said property described in this Amended Petition.

"14. That as the years progressed the said Helena M. Robbins became more infirm and in 1961 asked that her adopted daughter, Inez M. King, the plaintiff in this action, be appointed her guardian; that said Inez M. King was adopted by the said Helena M. Robbins in Case No. A 3444 in the Probate Court of Sedgwick County, Kansas, on March 24, 1954.

"Wherefore plaintiff asks judgment that said deeds or writings be declared void, that the defendants produce the same and deliver the same up to be cancelled; that the said Helena M. Robbins have such other and further relief as may be just and equitable, and that the said Helena M. Robbins recover the costs of this action." (Emphasis added.)

For purposes of this appeal it is unnecessary to set forth in detail the deeds referred to in paragraph 6 as Exhibit "A" and Exhibit "B." The amended petition, as above set forth, was filed on the 28th day of June, 1962, after the trial court had partially sustained the appellees' motion to strike and to make definite and certain, the original petition having been filed on the 17th day of April, 1962.

In ruling upon the motion to strike, the Hon. Elmer E. Sattgast refused to delete paragraphs 11 and 13 (as they presently appear in the amended petition) which were attacked by the appellees, but the Hon. Thomas C. Raum, Jr., sitting in another division of the district court of Sedgwick County at a subsequent hearing, sustained a demurrer to the amended petition without stating the reason.

As set forth in the demurrer the specific grounds upon which the amended petition was attacked are:

"1. That the alleged oral contract was in violation of the Statute of Frauds. (G. S. 1949, 33-106.)

"2. That the action based upon the alleged oral contract was barred after three years. (G. S. 1949, 60-306 second.)

"3. That the action is based upon fraud and is barred after two years. (G. S. 1949, 60-306 Third.)

"4. That no trust was created by implication of law (G. S. 1949, 67-401) so as to toll the Statute of Frauds.

"5. That the amended petition fails to state facts sufficient to constitute a cause of action in favor of the plaintiff, and that plaintiff's alleged claim, if as a matter of fact plaintiff ever had a legitimate, equitable claim, is now barred by plaintiff's laches, lack of diligence, waiver and applicable Statutes of Limitation of the State of Kansas."

The appellees have set forth in a counter abstract a portion of the quiet title action (Case No. A 45466, filed June 16, 1953) to which reference is made in the amended petition, wherein Helena M. Robbins alleged:

"That the plaintiff herein, Helena M. Robbins, did not knowingly or intentionally, ever sign the hereinabove referred to warranty deeds and that if the signatures upon said warranty deeds be hers, then such signatures were obtained through fraud, misrepresentation, and without her knowledge, etc."

The appellees also set forth a portion of the decree of divorce of Helena M. Robbins Stover from her husband, Bob L. Stover (Case No. A 47550, dated January 26, 1954) to which reference was made in the amended petition, which recites:

"It Is Further By the Court Considered, Ordered and Adjudged:

"That the Plaintiff have and there be set aside to her, her life estate interest in and to real property in Sedgwick County, Kansas, [describing the real property here in controversy]."

The appellant counters by stating in her brief that the foregoing journal entry decreeing divorce was submitted to the district court of Sedgwick County, Kansas, by Ray H. Tinder, then counsel for Helena M. Robbins, and that Ray H. Tinder is now appearing as counsel for the appellees.

We regard the matters presented by the counter abstract as immaterial to a decision in this case. First, a mere reference to the case numbers does not amount to an incorporation by reference of such case files into the amended petition. The facts disclosed by them, therefore, do not appear on the face of the petition. Second, even if the files in such cases be regarded as a part of the amended petition, this action is not brought on the grounds of fraud which was alleged in the quiet title action; and, as viewed on demurrer, the cir-

cumstances under which the decree of divorce was procured, through counsel now appearing for the appellees, would estop the appellees from taking advantage of the foregoing recitation in the decree of divorce.

Under the old code of civil procedure a demurrer is directed only to those matters appearing on the face of the petition, and where the claimed defect does not so appear the objection to the petition may be taken by answer. A demurrer cannot serve to bring facts into the petition which might constitute a defense thereto. This is the function of the answer. (G. S. 1949, 60-705; *Lorey v. Cox*, 175 Kan. 66, 259 P. 2d 194, Syl. ¶ 2; and *Hagen v. Townsley*, 191 Kan. 353, 381 P. 2d 506, Syl. ¶ 1.)

Was the alleged oral contract in violation of the statute of frauds? G. S. 1949, 33-106 reads in part as follows:

"No action shall be brought . . . upon any contract for the sale of lands, tenements, or hereditaments, or any interest in or concerning them; *or upon any agreement that is not to be performed within the space of one year from the making thereof,* unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized in writing." (Emphasis added.)

Under the foregoing statute it has been held that an oral contract which might have been fully performed within one year does not fall within the statutory prohibition. (*Stahl v. Stevenson*, 102 Kan. 447, 451, 171 Pac. 1164; and *Smith v. Nyburg*, 136 Kan. 572, 576, 16 P. 2d 493.) Moreover, full performance of an alleged oral contract by the appellant, as here, would relieve the cause of action from the inhibitions of the statute of frauds. (*Smith v. Nyburg*, supra; and *Paton v. Paton*, 152 Kan. 351, 103 P. 2d 826.) The oral contract here in question was not for the sale of lands. (See, *Stahl v. Stevenson*, supra.)

In the instant case the appellant's amended petition alleged the oral contract was partially completed on November 21, 1953, and was completed on the morning of November 22, 1953; that the divorce, pursuant to said agreement, was granted on January 26, 1954, and the quiet title action was dismissed with prejudice on March 4, 1954. Thus, the amended petition alleged full performance on the part of the appellant within one year.

Is the action by reason of the alleged oral contract barred by the three-year statute of limitations?

G. S. 1949, 60-306, *Second,* pertaining to civil actions other than for the recovery of real property, reads:

"Within three years: An action upon contract, not in writing, express or implied; an action upon a liability created by statute, other than a forfeiture or penalty."

We think the amended petition in the instant case, looking through form to substance, shows on its face that it is an action for the recovery of real property. While it must be conceded the allegations of paragraph 11 in the amended petition are mere conclusions of the pleader, such conclusions are sustained by the facts alleged. In this respect the case is controlled by *Rooney v. McDermott,* 113 Kan. 18, 213 Pac. 631. The court there said:

"1. The plaintiff contends that this is an action for the recovery of real property and that the fifteen-year statute of limitations applies. The defendant contends that it is an action on a contract not in writing and that the three-year statute of limitations applies. What is the plaintiff seeking in this action—to recover real property, or to enforce a contract? If the plaintiff prevails, he will obtain possession of the land because he is the owner of it. If he is the owner, it is because he performed his part of the contract by which James T. Wallace and Susan Wallace agreed that they would adopt him and that at their death the plaintiff should have one-half of their property. The contract and its performance must be proved or the plaintiff cannot recover, but when he does prove those facts, he establishes his ownership to the property and his right to recover it. The plaintiff is not seeking to enforce the contract by compelling its performance. *He is seeking to recover the benefits given by the performance of the contract.* If he proves the contract and its performance by him, his title will be equitable only; but, proof of an equitable title is sufficient to enable him to recover. (*K. P. Rly. Co. v. Mc-Bratney,* 12 Kan. 9; *Stout v. Hyatt,* 13 Kan. 232; *Pope v. Nichols,* 61 Kan. 230, 59 Pac. 257.)

. . . . . . . . . . . . . . .

"By the terms of section 17 of the code of civil procedure, *the three-year statute of limitations is excluded from this action, because for that statute to control the action must be one other than for the recovery of real property.* The real purpose of this action is the recovery of real property, and the fifteen-year statute of limitations controls. The action was not barred at the time it was commenced." (pp. 20, 21.) (Emphasis added.)

G. S. 1949, 60-736, provides that "In the construction of any pleading, for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties."

The amended petition in the instant case does *not* allege a fraudulent oral contract. The allegations of fraud are set forth to give a chronological statement of the facts which culminated in an

oral contract that was fully performed on the part of the appellant. Disregarding the appellant's divorce from her young husband, which may be regarded as illegal consideration, the dismissal of the appellant's quiet title action against the appellees with prejudice was sufficient consideration to sustain the contract.

It may be argued that the appellant must rely on full performance of the oral contract to overcome the statute of frauds, and at the same time repudiate the three-year statute of limitations applicable to "An action upon contract, not in writing." This situation was met in *Rooney v. McDermott*, supra, when the court said for the three-year statute of limitations to control the action must be one *other than for the recovery of real property*. These words in the statute must have some meaning attributed to them.

The appellees' reliance upon the statute of trusts (G. S. 1949, 67-401) to uphold the trial court's decision was answered in *Smith v. Nyburg*, supra, where it was said that neither the statute of frauds nor the statute of trusts and powers was a bar to the enforcement of an oral contract relating to land when one of the parties had fully performed his part of the agreement. (See, also, *Meador v. Manlove*, 97 Kan. 706, 156 Pac. 731; and *Paton v. Paton*, supra.) It is, therefore, immaterial to consider the appellees' contention that no trust was created by implication of law "to toll the Statute of Frauds."

Likewise, the appellees' contention that the appellant was guilty of laches in not commencing the action sooner was answered in *Rooney v. McDermott*, supra. There the court held the statute of limitations governed. The plaintiff had fifteen years in which to commence his action.

The appellees find it necessary to bolster their argument by asserting that *Rooney v. McDermott*, supra, has been overruled by *Herthel v. Barth*, 148 Kan. 308, 81 P. 2d 19.

Nowhere in the decision of *Herthel v. Barth*, supra, is there any indication that it was intended to overrule *Rooney v. McDermott*, supra. In fact, a study of the *Herthel* decision reveals that the action there was brought for the purpose of impressing a constructive trust on land on the therory that such trust grew out of and was created by the fraudulent representations and fraudulent oral agreement of the defendants to convey the land to the plaintiff. There the court held the gist of the action was "relief on the ground of fraud" which must be brought within two years after the cause of action accrued,

and that the cause of action shall not be deemed to have accrued until the discovery of the fraud. In the opinion the court cited *Rooney v. McDermott,* 113 Kan. 18, 213 Pac. 631; and *Rooney v. McDermott,* 121 Kan. 83, 246 Pac. 183, relied upon by the appellant as authority for the contention the 15-year statute of limitations controlled. The court distinguished those cases on the ground that in neither of them was the relief sought predicated on fraud.

One other point asserted by the appellees deserves attention. The appellees contend the amended petition does not contain the essential allegation regarding possession. It is argued the 15-year statute of limitations is reserved exclusively to actions brought for the recovery of possession of real property; that at no point in the amended petition does the appellant ask for possession of the property; and upon the pleading it must be inferred the appellant is in possession by virtue of her life estate. (Citing, *Main v. Payne,* 17 Kan. 608; and *Herthel v. Barth,* supra.)

Construing these decisions the appellees argue: "It is clearly stated that the equitable claimant must first 'get rid' of the deed by which he parted with legal title. This must be done within the period of limitations governing fraud or contract actions. Having so done he then has the fifteen year period of limitation to recover possession. Both legal title and possession may be sought in the same law suit, but such a suit must be brought within the shorter period of limitation."

A liberal construction of the amended petition presently confronting the court would indicate that the appellant is actually in possession of the real property in question by reason of her life estate, but that the fee title of future interest in the property is in the possession of the appellees. Ownership of real property involves not only the immediate right of possession but the right to control its disposition in the future. A future interest in real property is none the less real property, and if one having a life interest is denied the right to control the future disposition of real property he is denied possession of the future interest.

To make a distinction between an action designed to recover real property, where one is denied the present enjoyment of real property because another has actual possession, and a similar action where one is denied the possession of a future interest in real property, would be unwarranted.

In conclusion we hold the 15-year statute of limitations is ap-

plicable to the facts alleged in the amended petition and the action is not barred. The amended petition states facts sufficient to constitute a cause of action when tested by the rules applicable on demurrer.

The judgment of the lower court is reversed.

WERTZ, J., not participating.