(615 P 2d 170)
No. 51,700

GLEN MARCELLUS, *Appellant*, v. K.O.V., INC., *et al.*,
*Appellees.*

Opinion filed August 22, 1980.

*Robert M. Miles,* of Liberal, for the appellant.

*Tom R. Smith* of Frey, Smith & Schmidt, of Liberal, for the appellee K.O.V., Inc.

Before FOTH, C.J., REES and SPENCER, JJ.

SPENCER, J.: Plaintiff has appealed from summary judgment entered in favor of defendant. An agreed statement of facts reveals:

"On February 26, 1979, a fire occurred in a building at 633 South Kansas in Liberal, Kansas. The building was owned by Glen Marcellus and was leased to K.O.V., Inc. under an oral lease agreement that contained only two (2) provisions: (1) the lessee pay rent of Six Hundred Dollars ($600.00) per month and (2) the lessee was responsible for the maintenance of the building.

"The fire developed in a workshop in the building and resulted in damage estimated at Three Thousand Nine Hundred Seventy-Seven Dollars and Two Cents ($3,977.02).

"The Plaintiff instituted suit against K.O.V., Inc. and K.O.V., Inc. as Defendant filed a specific denial and a Third-Party Petition.

"K.O.V., Inc. also filed Interrogatories that were answered by the Plaintiff. Upon receipt of the answers to the Interrogatories, K.O.V., Inc. filed a Motion for Summary Judgment for failure of the Plaintiff to state a cause of action on the grounds that the Plaintiff's Petition alleged negligence against the Defendant K.O.V., Inc. and the answer to Interrogatory No. 6 by the Plaintiff stated that the fire was caused by the negligence of one Mike King, a sublessee of the Defendant K.O.V., Inc.

"At the hearing on the Motion for Summary Judgment the trial court heard argument from both counsel and reviewed the pleading and the interrogatories in the file and the trial court found that the Plaintiff's Petition failed to state a cause of action against the Defendant K.O.V., Inc. and on the 22nd day of October, 1979, the trial court entered judgment on behalf of K.O.V., Inc."

Plaintiff contends summary judgment was improper and argues a lessee is liable for damages to the leased premises caused by the negligence of a sublessee under the lessee's implied obligation to act reasonably in handling the leased property so that no injury will result to it.

A sublease creates the relation of landlord and tenant between the lessee and subtenant. The lessee stands as a buffer between the landlord and subtenant. Between landlord and subtenant there is no privity of either estate or contract. A tenant is, in general, responsible for the acts and omissions of his subtenant. 51C C.J.S., Landlord & Tenant § 45 (2); 1 Freidman on Leases § 7.702 (1st ed. 1974). The following is found in 49 Am. Jur. 2d, Landlord and Tenant § 501, p. 483:

> "A lessee is liable for damages to the leased premises caused by the negligence of a sublessee, under the lessee's implied obligation to use reasonable diligence in treating the property demised so that no injury will result to it, particularly where the lease provides that no subletting shall release the lessee from any obligations under the lease. This rule has been applied to the destruction of the property by fire through a sublessee's negligence."

While no Kansas case appears on point, our decisions have recognized that independently of express covenant, the law imposes on a tenant the obligation to return the premises to the landlord at the end of the term unimpaired by the negligence of the tenant. *New Hampshire Ins. Co. v. Fox Midwest Theatres, Inc.,* 203 Kan. 720, 724, 457 P.2d 133 (1969); *In re Estate of Morse,* 192 Kan. 691, 695, 391 P.2d 117 (1964); *Salina Coca-Cola Bottling Corp. v. Rogers,* 171 Kan. 688, 691, 237 P.2d 218 (1951).

It is undisputed that defendant-tenant subleased the premises in question to Mike King. The substance of the agreement between defendant and King does not appear of record. It is likewise undisputed that King's negligence was the cause of the damage for which plaintiff seeks relief. Plaintiff's petition alleges the lease between plaintiff and defendant and states that damage to the premises resulted because of negligence. Defendant argues a landlord cannot hold a tenant liable on a theory of negligence when the negligent act complained of was the act of a sublessee.

A similar situation is reported in the case of *Casualty Co. v. Oil Co.,* 265 N.C. 121, 143 S.E.2d 279 (1965). In that case, a lease existed between certain owners of property and certain oil companies. The oil companies subleased the property to a third party, who negligently allowed the building to catch fire, causing ex-

tensive damage. In an action by the owners' insurance company against the oil companies, the trial court dismissed the action as failing to state a cause of action. The North Carolina Supreme Court reversed the trial court's dismissal, noting the oil companies put the sublessee in possession and control of the property and assumed the risk that the sublessee might breach the covenants, express and implied, by which the oil companies had bound themselves in their contract with the property owners. The court went on to state:

"An action for waste may be brought before the expiration of the term. 51 C.J.S., Landlord and Tenant, § 262 (b), p. 906. 'The nature of the wrongful act or omission for which a remainderman is entitled to recover for waste is a tort. Though the acts of a tenant are tortious in their nature, they may also be breaches of his contract with his landlord for which the tenant will be responsible in an action *ex contractu.* . . . An action may be one of tort purely, although the existence of a contract may have been the occasion or furnished the opportunity for committing the tort. It would be sufficient to allege the making of a lease, the entry of the lessee, the good condition of the premises, and the injury caused by the bad management of the lessee. Such a cause of action is one sounding in tort and not in contract.' 3A Thompson on Real Property, § 1279, pp. 397-398.

" 'Ordinarily, a breach of contract is not a tort, but a contract may create the state of things which furnishes the occasion of a tort. The relation which is essential to the existence of the duty to exercise care may arise through an express or implied contract. . . . The sound rule appears to be that where there is a general duty, even though it arises from the relation created by, or from the terms of, a contract, and that duty is violated, either by negligent performance or negligent nonperformance, the breach of the duty may constitute actionable negligence.' 38 Am. Jur., Negligence, § 20, pp. 661, 662. The lease and subletting created relationships and duties, the negligence resulting in damage gave rise to the cause of action. The action alleged sounds in tort and may be maintained on the theory of negligence." 265 N.C. at 128-129.

It is well settled that allegations contained in pleadings shall be liberally construed to effect substantial justice. K.S.A. 60-208(*f*); *King v. Robbins,* 193 Kan. 70, 75, 392 P.2d 154 (1964). While plaintiff's petition could have been more artfully drafted, the allegations contained therein, when measured by the standards enunciated above, clearly state a viable cause of action against defendant and we hold the trial court improperly dismissed the action. It is also to be noted that the relation created by a sublease being for all general purposes the ordinary relation of landlord and tenant (49 Am. Jur. 2d, Landlord and Tenant § 503, p. 484), the trial court also erred in dismissing defendant's third-party petition against King.

We hold merely that plaintiff's petition states a cause of action against defendant-tenant and the trial court erred in ruling otherwise. As many factual questions remain, including the nature and terms of the sublease, it is necessary to remand this cause for further proceedings.

Reversed and remanded.