(118 P.3d 700)

No. 93,473

SHIRLEY SUTTON, *Appellant,* v. WILLIAM E. SUTTON, *et al.,*
*Appellees.*

Opinion filed September 2, 2005.

*Joan Hawkins,* of Hawkins & Singleton, of Lawrence, for appellant.

*Bradley R. Finkeldei,* of Stevens & Brand, L.L.P., of Lawrence, for appellees.

Before CAPLINGER, P.J., JOHNSON and HILL, JJ.

CAPLINGER, J.: Shirley Sutton appeals the district court's grant of summary judgment in favor of the defendants in this action to recover real property. Shirley contends the district court incorrectly applied the 2-year statute of limitations for fraud, K.S.A. 2004 Supp. 60-513(a)(3), instead of the 15-year limitation period

for actions for recovery of real property, K.S.A. 60-507. We hold that although Shirley did not specifically plead for relief on the basis of fraud, her action is based on a conveyance of title perpetrated by alleged fraud. Thus, the trial court correctly held that Shirley must first nullify the alleged fraudulent conveyance within 2 years from the time the fraud was, or should have been, discovered pursuant to K.S.A. 2004 Supp. 60-513(a)(3). We further conclude the district court properly determined as a matter of law that Shirley failed to bring her action within 2 years of the time she knew or should have known of the alleged fraud, and summary judgment was thus appropriate.

*Background*

In 1979, William and Shirley Sutton lived on 160 acres of real estate located in Douglas County. The property was owned by William's mother, Loretta Sutton. On December 19, 1979, Loretta contracted to sell the property to William and Shirley for $90,000, less a $25,500 down payment. The contract required yearly payments by William and Shirley to Loretta until the balance of the contract was paid in full. On that same date, Loretta deeded the real estate to William and Shirley.

William and Shirley made none of the required payments on the contract but continued to live on the property. In 1994, Loretta's attorney drafted a deed to transfer the real estate back to Loretta from William and Shirley in exchange for cancellation of the debt. The deed was not executed, however, until Shirley was admitted to Lawrence Memorial Hospital for a serious medical condition in May 1995. William and Shirley did not have health insurance to cover the looming medical expenses and were concerned that their creditors could take the real property from them if they defaulted on their medical debts.

To solve this perceived issue, William asked Shirley to sign the deed that Loretta's attorney had prepared in 1994, transferring the real property back to Loretta. Shirley alleges William claimed the transfer would only be temporary. In any event, Shirley agreed to sign the deed and the real property was deeded back to Loretta on May 8, 1995.

Loretta deeded the real property to the Loretta Sutton Trust in July 1995. Five years later, in October 2000, William became sole beneficiary of the trust.

Sometime in 2003, Loretta died, having never deeded the real property back to William and Shirley. In late 2003, William filed for divorce from Shirley. On January 23, 2004, Shirley filed this separate action against William and William's sister, Jane Buttenhoff, the trustee of the Loretta Sutton trust, in an attempt to bring the real property into the marital estate. Shirley alleged the deed was invalid because she lacked mental capacity to execute the deed at the time it was signed, and also that her signature on the deed was procured by undue influence and misrepresentations.

The parties were granted a divorce, and in the memorandum decision in the divorce action, the district court ruled that it retained jurisdiction over the real estate for possible later distribution, after the resolution of the action for recovery of real property.

Shirley's separate action for recovery of the real property proceeded through discovery. William Sutton and the trustee eventually filed a motion for summary judgment in that action, alleging *inter alia*, that the action was barred by the expiration of the statute of limitations. The district court granted summary judgment in favor of William and the trustee, and Shirley appeals.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. On appeal, a reviewing court applies the same rules and where the reviewing court finds reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. *Bracken v. Dixon Industries, Inc.*, 272 Kan. 1272, 1274-75, 38 P.3d 679 (2002).

*Statute of limitations*

The district court applied the 2-year statute of limitations for actions sounding in fraud pursuant to K.S.A. 2004 Supp. 60-513(a)(3). On appeal, Shirley contends that because her action is one for recovery of real property, the district court should have applied the 15-year statute of limitations provided for in K.S.A. 60-507. However, "[t]he mere fact that an action pertains to real estate

does not necessarily constitute it an action for the recovery of real estate." *Herthel v. Barth*, 148 Kan. 308, 81 P.2d 19 (1938).

We agree with the defendants that the facts of this case closely resemble those before the court in *Foy v. Greenwade*, 111 Kan. 111, 206 Pac. 332 (1922). There, the plaintiff alleged that through false representations, the defendant fraudulently induced her to sign a quitclaim deed for her interest in certain real property. Like the plaintiff here, the plaintiff in *Foy* argued the 2-year statute of limitations did not apply because the action was essentially one for the recovery of real estate. The court disagreed and held:

"[P]laintiff must get rid of his deed of 1912 before he can successfully maintain his claim to the real estate . . . [but] the relief must be invoked according to the statute. The statute says two years is the limitation for an action for relief on the ground of fraud. Plaintiff has waited seven years—on the theory perhaps that he has fifteen years. He would have fifteen years if he had given no title; but having given title, he does not have fifteen years to get rid of his conveyance; he only has such time as the statute allows—two years. Once rid of the alleged fraudulent conveyance he might wait as long as he chose to recover his interest in the property, not exceeding fifteen years." 111 Kan. at 118.

Thus, to maintain an action for recovery of real property based on a conveyance of title perpetrated through fraud, a plaintiff must first nullify the fraudulent conveyance before attempting to recover the real property. The suit to nullify the fraudulent conveyance, however, must be brought within the appropriate time frame for such actions, *i.e.*, 2 years from the time the fraud was or should have been discovered, as set forth in K.S.A. 2004 Supp. 60-513(a)(3). While the suit to nullify the fraudulent conveyance and for recovery of an interest in the property may be combined in one action, "the second count to recover the property has no standing until the matter of title is disposed of." 111 Kan. at 118.

Shirley attempts to circumvent this rule by suggesting she did not plead for relief on the basis of fraud. As the district court accurately pointed out, however: "While plaintiff did not specifically mention fraud as a cause of action, [the court] can look beyond what was pleaded to the real issue involved. . . . Both misrepresentation and undue influences are claims based in fraud." The district court here based its ruling on *Herthel v. Barth*, 148 Kan.

308. There, our Supreme Court relied upon *Foy* to conclude: "Looking beyond the mere form of the action and to the real issue involved, we find the gist of the action was 'relief on the ground of fraud.' " *Herthel*, 148 Kan. at 312.

Shirley argues *King v. Robbins*, 193 Kan. 70, 392 P.2d 154 (1964), is more analogous to the facts here. *King*, however, dealt with a conveyance based on an oral contract, which the plaintiffs did not allege was fraudulent. Significantly, the court in *King* distinguished *Herthel*, and as a consequence, distinguished *Foy*, upon which *Herthel* relied. Thus, we believe *Foy*, not *King*, guides the outcome of this case.

We conclude the district court correctly held that Shirley was required to bring that portion of her action alleging a fraudulent conveyance within 2 years from the point the fraud was discovered or should have been discovered. We thus affirm the district court's application of the 2-year statute of limitations for actions based on fraud.

### Application of the discovery rule

Shirley briefly suggests that even if the 2-year statute of limitations applies, she did not discover the fraud until the divorce was filed, and thus the statute did not begin to run until that time. The basis for this argument is not at all clear from Shirley's appeal brief, as the only factual support she offers for this contention is that she "continued to live on the land, enjoy the land, [and] profit from the land," until the divorce was filed. The district court essentially interpreted Shirley's claim to be that she was misled by William into believing the property would be transferred back after she recovered from the illness for which she was hospitalized, and after the medical bills were paid. Further, the district court believed Shirley to be contending that she relied upon William's alleged representation that the transfer was temporary.

K.S.A. 2004 Supp. 60-513(a)(3) states that an action for relief on the ground of fraud must be brought within 2 years, but the cause of action shall not be deemed to have accrued until the fraud is discovered. Our Supreme Court has held that the phrase "the cause of action shall not be deemed to have accrued until the fraud

is discovered" does not necessarily mean until the party complaining had actual notice of the fraud alleged to have been committed. Rather, constructive notice of the fraud is sufficient to set the statute in motion even though there may be no actual notice. *Armstrong v. Cities Service Gas Co.*, 210 Kan. 298, 310, 502 P.2d 672 (1972).

It is uncontroverted that Shirley knew and understood that she had signed a deed transferring the real estate to Loretta on May 8, 1995. It is also uncontroverted that although Shirley claims she lost her mental capacity to execute the deed due to her hospital stay, she regained her mental capacity when she was discharged from the hospital a few days later. Moreover, from the time Shirley signed the deed to the filing of the divorce, Shirley knew that Loretta was the record owner of the property, regardless of the fact that she and William continued to live on the property. Arguably, these facts alone are sufficient to establish that Shirley had constructive notice of the alleged fraud, at the very latest, when she was discharged from the hospital in 1995.

While Shirley alleges she did not initially know that the property would have been protected from creditors despite unpaid medical bills, the record reveals that Shirley learned a few years after the property was deeded to Loretta that the property would have been protected. Moreover, the record reveals that Shirley was not concerned, even after the medical bills were paid a few years after she was in the hospital, that the property had not been deeded back. Rather, Shirley testified in her deposition that even after the medical bills were paid, and even after she was aware the property would have been protected, she simply did not "think about it."

The district court found that the only possible material controverted fact concerned whether Shirley believed, based upon William's representations, that the transfer of the deed was only temporary. The district court reasoned: "This particular point is the only possible point where there may be a genuine issue of material fact as to how long a reasonable person would consider a 'temporary' transaction to last." The district court held, however, that "as a matter of law, this Court believes that the seven years, plus the

two years for the statute of limitations, goes well beyond any definition of 'temporary.' "

We agree with the trial court that as a matter of law, a reasonable person would not have waited 9 years to question why a "temporary" transfer was not temporary at all. This is particularly true when the plaintiff had knowledge within a few years of the transfer that the asserted basis for the transfer, *i.e.*, protecting the couple's property from creditors based upon unpaid medical bills, was no longer at issue.

We conclude that Shirley had constructive notice of the alleged fraud, at the very latest, within a few years of May 1995, when the deed was transferred. Thus, the 2-year statute of limitations ran long before Shirley filed this action in January 2004. Accordingly, we affirm the trial court's grant of summary judgment based upon the expiration of the 2-year statute of limitations for fraud, K.S.A. 2004 Supp. 60-513(a)(2).

Finally, while we do not remand this action to the district court, we note that the district court retained jurisdiction of the real estate in the parties' divorce action for possible later distribution after the resolution of this action for recovery of real property.

Affirmed.