FILED
United States Court of Appeals
Tenth Circuit

September 4, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROSEANN BILLINGER, duly appointed
conservatrix of Duane Conger;
DUANE CONGER, individually,

        Plaintiffs-Appellants,

v.

HAROLD WEINHOLD;
LEANN WEINHOLD,

        Defendants-Appellees.

No. 12-3124
(D.C. No. 6:11-CV-01075-MLB-KMH)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **HOLLOWAY**, and **BACHARACH**, Circuit Judges.

This is an appeal from the district court's order granting the motion to dismiss filed by defendants Harold Weinhold and Leann Weinhold, and denying plaintiffs' motion to file an amended complaint. Jurisdiction below was based on diversity. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The parties are familiar with the facts. In 2011, Duane Conger individually and through his conservatrix, Roseann Billinger, sued the Weinholds concerning Mr. Conger's conveyance to them in 1991 of some real property located in Kansas. The district court concluded that the claims were time barred under Kansas substantive law and dismissed the complaint under Fed. R. Civ. P. 12(b)(6). It also denied, as futile, the motion to file an amended complaint.

Although the statute of limitations is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). "We review de novo the dismissal of a complaint for failure to state a claim under Rule 12(b)(6)." *Childs v. Miller*, 713 F.3d 1262, 1264 (10th Cir. 2013). As to the motion to amend, "[w]e ordinarily review a denial of a motion to amend a pleading for abuse of discretion. However, when denial is based on a determination that amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Miller ex rel. S.M. v. Bd. of Educ.*, 565 F.3d 1232, 1249 (10th Cir. 2009) (citations omitted).

We have carefully examined the parties' briefs and the record in light of the governing law and conclude that the district court correctly decided this case. In particular, the court was correct when it ruled that the claims are governed by the statute of limitations for tort claims because the gist of the complaint was for alleged

fraud. *See Herthel v. Barth*, 81 P.2d 19, 21 (Kan. 1938) (holding that even though the complaint contained a claim for a constructive trust on land, "[l]ooking beyond the mere form of the action to the real issue involved, we find the gist of the action was 'relief on the ground of fraud'"); *Sutton v. Sutton*, 118 P.3d 700, 702 (Kan. Ct. App. 2005) (same). Under Kansas law, although the limitation period for commencing a fraud action is two years from the time the fraud is discovered, no such action may be commenced more than ten years after the fraudulent act itself. Kan. Stat. Ann. § 60-513(a)(3), (b). Because the alleged fraudulent act occurred more than ten years before the suit was commenced, it was time barred.

The judgment of the district court is affirmed.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge