(676 P.2d 769)
No. 54,256

CITY OF ATTICA, KANSAS, *Plaintiff-Appellant,* v. MULL DRILLING
COMPANY, INC., *et al., Defendants-Appellees.*

Opinion filed
February 16, 1984.

*Myrlen L. Bell* and *Robert W. Christensen,* of Hall & Bell, of Medicine Lodge,
for appellant.

*David S. Wooding* and *Robert Martin,* of Martin, Pringle, Oliver, Triplett &
Wallace, of Wichita, for appellees Mull Drilling Company, Inc.

*Kenneth Clark,* of Gott, Young & Bogle, of Wichita, for appellee Amoco
Production Company.

*Richard D. Greene,* of Morris, Laing, Evans, Brock & Kennedy, Chartered, of
Wichita, for appellee Drillers Production Company, Inc.

*Donald W. Bostwick,* of Adams, Jones, Robinson & Malone, of Wichita, for
appellee Exxon Corporation.

*Robert C. Martindell,* of Martindell, Carey, Hunter & Dunn, of Hutchinson, for appellee General American Oil Company of Texas.

*Evan J. Olson,* of Hershberger, Patterson, Jones & Roth, of Wichita, for appellees The Superior Oil Company and Mobil Oil Corporation.

*L. Patricia Casey,* special assistant attorney general, for appellee Kansas Department of Health and Environment.

Before MEYER, P.J., ABBOTT and SWINEHART, JJ.

MEYER, J.: Appellant City of Attica, Kansas (plaintiff) appeals from summary judgment entered in favor of appellees Mull Drilling Company, Inc., *et al.* (defendants), in an action for damages based on nuisance and trespass.

Plaintiff's action was based upon the saltwater contamination of several water wells used by plaintiff as the source for its municipal water supply system. Such contamination allegedly occurred as a result of defendants' drilling operations in the proximity of the wells.

The only issue in this case is what, if any, statute of limitations applies to plaintiff's action.

It is conceded that the acts underlying plaintiff's claims for nuisance and trespass all occurred more than two years prior to the date this action was commenced. Thus, if K.S.A. 60-513(a)(4) is applicable, as the trial court ruled, then plaintiff's claims are time-barred, for that statute provides for a two-year period of limitations:

"The following actions shall be brought within two (2) years . . . (4) An action for injury to the rights of another, not arising on contract, and not herein enumerated." K.S.A. 60-513(a)(4).

Government entities are granted certain exemptions from statutes of limitations, and plaintiff herein argues that these immunities apply to this case. Specifically, plaintiff contends that it is exempt from limitations by virtue of K.S.A. 60-509, and/or K.S.A. 60-521. Each of these contentions will be discussed individually.

## A. K.S.A. 60-521

K.S.A. 60-521 provides:

"As to any cause of action accruing to the state, any political subdivision, or any other public body, *which cause of action arises out of any proprietary function or activity,* the limitations prescribed in this article shall apply to actions brought in the name or for the benefit of such public body in the same manner as to actions by private parties, *except in (1) actions for the recovery of real property or any interest therein,* or (2) actions to recover from any former officer or

employee for his or her own wrongdoing or default in the performance of his or her duties." (Emphasis added.)

Plaintiff advances two arguments under this statute. First, it contends that the maintenance of wells incident to the operation of a municipal water supply system is not a proprietary function, but is a governmental function. Based on this contention, plaintiff argues that K.S.A. 60-521 has no applicability to the instant case. See *State ex rel. Schneider v. McAfee*, 2 Kan. App. 2d 274, Syl. ¶¶ 1, 2, 275, 578 P.2d 281, *rev. denied* 225 Kan. 845 (1978).

In *Cross of City of Kansas City*, 230 Kan. 545, 549, 638 P.2d 933 (1982), the court stated as follows:

"[W]e are of the opinion that a municipality or one of its agencies in the operation of a public waterworks, which also serves as the water supply for fire-fighting purposes, does so in a dual capacity and *the furnishing of water for fire fighting is done in a governmental capacity* and therefore falls under the cloak of immunity granted by the statute." (Emphasis added.)

While *Cross* was specifically addressed to the issue of a municipality's sovereign immunity from suit brought against it, the underlying rationale of that decision is equally applicable to the issue herein presented, which involves a municipality's exemption from limitations when it brings the suit.

The instant case, however, can be distinguished from *Cross*. In *Cross,* the only municipal activity which was involved was the city's obligation to supply water for fire-fighting purposes, which is clearly a purely governmental function. In contrast, plaintiff's petition herein, while referring generally to an impairment of its governmental functions, contains specific allegations of damages, all of which relate to the proprietary arm of its dual-purpose functions in operating a municipal water supply. Thus, where the court in *Cross* held that a municipality is immune from liability when the suit brought against it is based entirely on its exercise of governmental functions, we today hold the inverse: that, under the provisions of K.S.A. 60-521, a municipality is not exempt from limitations where its cause of action arose out of its exercise of purely proprietary functions, unless it can bring itself within one of the exceptions contained in the statute.

Plaintiff's second argument under K.S.A. 60-521 is its contention that even if the involved functions were proprietary, its action falls within the ambit of the first exception noted in the statute, because it was based on damages resulting from in-

fringement of a real property right. The simple answer to plaintiff's contention is that its action fails to meet the criteria for application of that exception.

The exception specifically pertains to "actions for the recovery of real property." Plaintiff's action is not for the recovery of the property involved; plaintiff merely prayed for monetary damages allegedly resulting from defendant's injury to plaintiff's water rights. Long ago, in *Main v. Payne*, 17 Kan. 608, 610 (1877), the Kansas Supreme Court settled the issue of what constitutes an action for the recovery of real property:

"Because the suit refers to real estate, does it necessarily follow that it is for the recovery of real property? An examination of the decisions of this court, and of the various provisions of the civil code, convinces us that an action may refer to real estate, and yet not come within the class of actions for the recovery of real property . . . . [T]he action for the recovery of real property . . . is a suit brought for the possession of real estate."

And see also *Herthel v. Barth,* 148 Kan. 308, 311, 81 P.2d 19 (1938); and *King v. Robbins,* 193 Kan. 70, 77, 392 P.2d 154 (1964).

The law of *Main v. Payne* is in substantial accord with the generally prevailing rule on the subject.

"The mere fact that an action pertains to real property does not necessarily constitute it an action to recover real property within such a provision; the test is whether the complaint seeks a right to, title in, or possession of, realty." 53 C.J.S., Limitations of Actions § 34, p. 986.

Applying the foregoing rule to the case at bar, it is clear that plaintiff's action is not one for the recovery of real property. Plaintiff has always been, and remains, in possession of the involved realty. The action plaintiff brought is simply an action for damages based on negligence and trespass (*i.e.,* a tort claim).

Kansas law has long held that it is the right to be enforced, not the procedure used to enforce it, that determines what statute of limitations applies. *Kirtland v. Tri-State Insurance Co.,* 220 Kan. 631, 632, 556 P.2d 199 (1976). Plaintiff herein was seeking only a right to the redress of damages; no rights in or to the real property itself were ever questioned. Kansas law is equally firm in support of the proposition that a plaintiff may not, on appeal, recharacterize the nature of its action so as to avoid the bar of the statute of limitations which squelched its action at the trial court level. *Malone v. University of Kansas Medical Center,* 220 Kan. 371, 376, 552 P.2d 885 (1976). To allow plaintiff herein to

recharacterize its action, which was clearly in tort, as one for recovery of real property, would patently violate this last tenet.

We conclude that plaintiff herein cannot claim the exemption from limitations provided by K.S.A. 60-521. The reason for this conclusion is that plaintiff's cause of action arose out of one of its proprietary functions and it is a personal action, not one for the recovery of real property or any interest therein. Thus, K.S.A. 60-521 does not apply.

### B. K.S.A. 60-509

Plaintiff next argues that it is exempt from limitations based on K.S.A. 60-509; that statute provides:

"Nothing contained in any statutes of limitations shall be applicable to any real property given, granted, sequestered or appropriated to any public use, or to any lands belonging to this state."

The pertinent inquiry here is whether, as plaintiff maintains, K.S.A. 60-509 applies to any action which is related to property which is either owned by the state or acquired for a public use, or whether, as defendants maintain, that statute applies only to actions involving title to, interests in, or possession of such class of property. We conclude that the theory advanced by defendants has the greater merit.

In McKay, *The Effect of the New Code on Title Examination*, 33 J.K.B.A. 173, 219-20 (1964), the author opines that the purpose of K.S.A. 60-509 was to remove public lands (and lands being put to a public purpose) from the ambit of the statutes on adverse possession, as well as all other statutes of limitation governing real property actions. In Kelly and Vratil, *Survey of Kansas Law: Statutes of Limitation,* 18 Kan. L. Rev. 441, 454 (1970), the authors state that K.S.A. 60-509 is the statute "covering actions for recovery of real property," and that the effect of that statute is to exempt the state "from the statutes of limitation whether the action arose from governmental or proprietary functions," when the action is one for the recovery of real property. And the statute has been described as merely a codification of preexisting case law (see 33 J.K.B.A. at 219, citing *Railway Co. v. Watson,* 74 Kan. 494, 87 Pac. 687 [1906]).

We hold that K.S.A. 60-509 pertains only to actions for the recovery of real property owned or put to use by the public, or for the establishment of interests in such property. To allow K.S.A. 60-509 to apply to all actions which in any manner concern

publicly-owned or publicly-used property, no matter how nebulous, indirect or tangential the connection might be, would be extending the scope of that statute too far. Such an extension of K.S.A. 60-509 would emasculate the provisions of K.S.A. 60-521 in most, if not all, cases, for almost every action brought by a governmental entity could be characterized as one somehow connected to publicly-owned or publicly-used property. This could not have been the legislative intent in enacting K.S.A. 60-509. On the other hand, the conclusion that defendants suggest, and that we accept, gives each statute separate significance while maintaining their harmonious interaction.

Because K.S.A. 60-509 pertains only to actions for recovery of real property, plaintiff can claim no exemption from limitations by it. This is because plaintiff's action herein in no way involved a question of rights in or to the property, but only a right to redress by way of damages for injury to an acknowledged property right. The discussion under the first issue herein, relating to what constitutes an action for recovery of real property, pertains equally to this issue.

In conclusion, plaintiff herein can claim no exemption from limitations by virtue of either K.S.A. 60-521 or K.S.A. 60-509. Thus, the applicable statute of limitations is K.S.A. 60-513(a)(4), which provides for a two-year period. Concededly, this period had run against all defendants at the time plaintiff instituted this suit. Therefore, the trial court's summary judgment for defendants, on the ground that plaintiff's action was time-barred, was correct.

Affirmed.