**CITY OF WICHITA, KANSAS,**
Plaintiff–Appellant,

v.

**UNITED STATES GYPSUM COMPANY,**
a Delaware corporation, Defendant,

and

United States Mineral Products Co., a New Jersey corporation, and Asbestospray, a New York corporation, Defendants–Appellees.

No. 94–3009.

United States Court of Appeals,
Tenth Circuit.

Jan. 5, 1996.

Gerald Sawatsky (Charles P. Efflandt and Jeff P. DeGraffenreid of Foulston & Siefkin, Wichita, KS, and Edward J. Westbrook and Edward B. Cottingham, Jr., of Ness, Motley, Loadholt, Richardson & Poole, Charleston, SC, with him on the brief), of Foulston & Siefkin, Wichita, KS, for Plaintiff-Appellant.

C. Brooks Wood (Robert D. Brownson of Stich, Angell, Kreidler & Muth, P.A., Minneapolis, MN, with him on the brief), of Hillix, Brewer, Hoffhaus, Whittaker & Wright, L.L.C., Kansas City, MO, for Defendant-Appellee Asbestospray Corporation.

John T. Broderick, Jr. (Mark E. Howard of Broderick & Dean, Manchester, NH, and Marc A. Powell of Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, KS, with him on the brief), of Broderick & Dean, Manchester, NH, for Defendant-Appellee United States Mineral Products Co.

SEYMOUR, Chief Circuit Judge, SETH, Circuit Judge, and KANE, Senior District Judge *.

KANE, Senior District Judge.

Plaintiff, the City of Wichita, Kansas ("City"), initiated this action on June 30, 1989 alleging asbestos-containing building products sold by the Defendants for use in the City's Century II Civic Cultural Center ("Century II") have released and continue to release harmful asbestos fibers causing property damage and health risks to its citizens. The City asserted claims against Defendants for negligence, strict liability, breach of implied warranty, fraudulent misrepresentation, and fraudulent concealment.

The District Court granted Defendants' motion for summary judgment as to the negligence, strict liability, and breach of implied warranty claims on statute of limitations grounds. The case proceeded to the jury on the fraud claims. The jury found the fraud claims were not barred by the statute of limitations, but entered a verdict in favor of Defendants. Judgment was entered on the jury's verdict. We affirm in part and reverse in part.

I.

The City contends the District Court committed prejudicial error in instructing the jury on the elements of the City's fraud claims. The City argues the instructions invaded the province of the jury and imposed a greater burden of proving the materiality of alleged misrepresentations and concealments than is appropriate under Kansas law. We agree.

■■■ The determination of the substance of a jury instruction in a diversity case is a matter of state law, but the grant or denial of tendered instructions is governed by federal

* Honorable John L. Kane, Jr., Senior United States District Judge for the District of Colorado, sitting by designation.

law and rules. *Slane v. Jerry Scott Drilling Co., Inc.,* 918 F.2d 123, 126 (10th Cir.1990). The admission or exclusion of a particular jury instruction is within the sound discretion of the trial court. *Harris Market Research v. Marshall Mktg. & Communications, Inc.,* 948 F.2d 1518, 1528 (10th Cir.1991). We review the trial court's conclusions on legal issues de novo, however, and need not defer to its decisions on questions of law. *Key v. Liquid Energy Corp.,* 906 F.2d 500, 505 (10th Cir.1990).

■■■■ It is error for a trial court to expand improperly a legal duty or burden of proof by grafting its own fact-finding on an instruction of law. *See Mason v. Texaco, Inc.,* 862 F.2d 242, 248 (10th Cir.1988). Under Kansas law the materiality of the facts allegedly misrepresented or concealed is an element of actionable fraud. *DuShane v. Union Nat'l Bank,* 223 Kan. 755, 576 P.2d 674, 678 (1978); *Griffith v. Byers Constr. Co.,* 212 Kan. 65, 510 P.2d 198, 205 (1973); *Lesser v. Neosho County Community College,* 741 F.Supp. 854, 863–64 (D.Kan.1990). A fact is material if it is one to which a reasonable person would attach importance in determining his or her choice of action in the transaction involved. *Timi v. Prescott State Bank,* 220 Kan. 377, 553 P.2d. 315, 325 (1976); Pattern Instructions of Kansas 2d (Supp.), Civil, 14.42 (1993).

■■■■ Over objection by the City[1], the District Court instructed the jury that the City was required to prove Defendants concealed or misrepresented "material facts concerning unreasonable health hazards...." In a separate instruction, the jury was told an unreasonable health hazard was "a hazard which can reasonably be expected to cause harm and cannot be controlled or prevented by reasonable means or methods." Thus, the court's instructions limited the scope of what the jury could determine to be a material fact from "any fact to which a reasonable person would attach importance in determining a choice of action" to "material facts concerning unreasonable health hazards which can reasonably be expected to cause harm and cannot be controlled or prevented by reasonable means or methods."

The City contends the District Court invaded the province of the jury by pre-determining which facts a reasonable person could deem important. We agree. For example, the jury here was precluded from considering that Defendants' products may have created an unreasonable but controllable health hazard that reduced the value of the City's property and would have been costly to maintain because such a fact could not, under the Court's instructions, have been "material." For the same reason, the jury was precluded from considering that Defendants may have known their products posed a cancer risk or that they would require "reasonable" post-installation maintenance.

■■■■ Where a jury instruction is legally erroneous, we must reverse if the jury might have based its verdict on the erroneously given instruction. *SEC v. Peters,* 978 F.2d 1162, 1167 (10th Cir.1992). Even if that possibility is "very unlikely," reversal is required. *Adams–Arapahoe Joint School Dist. v. Continental Ins. Co.,* 891 F.2d 772, 780 (10th Cir.1989). The substance of the jury instructions in a diversity case is a matter of state law, but the question of whether an error is harmless is one of federal law. *Id.* at 778.

■■■■ Prejudice must be presumed in this case because we cannot ascertain to what extent a failure of the City's proof of materiality precipitated the finding that the City had failed to prove the elements of its fraud claims. Thus, we conclude the District Court

1. The Appellees assert the City failed adequately to preserve its challenge to the fraud instructions. We disagree. An objection is adequate to preserve the issue on appeal if it identified the objectionable instruction and denoted the legal grounds for the objection. *Weir v. Federal Ins. Co.,* 811 F.2d 1387, 1390 (10th Cir.1987). When an objection properly calls the alleged error to the court's attention and the trial court indicates it understands the nature of the objection, it would be disingenuous to assert the objection was not sufficiently specific. *Id.* at 1391.

The record of the instruction conference discloses proper and timely objections by the City to the District Court's instructions. The City's objections requested materiality instructions similar to those found in the Kansas pattern instructions and the District Court stated it understood the City's objections. Thus, the City's objections properly preserved these issues for appeal.

committed prejudicial error in instructing the jury as it did on the elements of the City's fraud claims.

## II.

On direct examination of one of defendant USMP's witnesses, USMP's counsel inquired into the cautionary label USMP placed on its product bags when it marketed the building products at issue in the late 1960's. The City cross-examined the witness closely on the adequacy of the warning. On re-direct examination, USMP's counsel attempted to introduce a cautionary label OSHA began to require on asbestos-containing products in 1972. Defendant USMP wanted the jury to compare the label it had placed on its bags with the OSHA label in determining whether Defendants had fraudulently concealed material information when they marketed the products at issue in the late 1960's.

The City objected on grounds of relevance and prejudice. The District Court agreed with the City and excluded the regulation from evidence. After all evidence was in, the District Court reversed this ruling, took judicial notice of the label requirement, submitted it to the jury in the form of an instruction, and advised the jury it could consider it in determining whether USMP had engaged in fraud.

The City contends the trial court erroneously instructed the jury on the 1972 OSHA asbestos labeling requirement after having excluded it during the presentation of evidence because the manner in which it was presented did not allow the City to cross-examine defendant USMP's witness on this issue and improperly emphasized USMP's theory of the case. We agree.

■ As previously noted, the standard for reviewing error in jury instructions is *de novo*. OSHA regulations are subject to judicial notice. *Northern Heel Corp. v. Compo Indus., Inc.,* 851 F.2d 456, 468 (1st Cir. 1988); Fed.R.Evid. 201. A matter of law can be judicially noticed as a matter of fact; i.e., the court can look to the law not as a rule governing the case before it but as a social fact with evidential consequences. 21 C. Wright & K. Graham, Jr., *Federal Practice*

*and Procedure: Evidence* § 5103, p. 473 (1977).

■ Reopening a case for additional evidence is within the discretion of the trial court. *Delano v. Kitch,* 663 F.2d 990, 1003 (10th Cir.1981), *cert. denied,* 456 U.S. 946, 102 S.Ct. 2012, 72 L.Ed.2d 468 (1982). In *Delano,* a panel of this court held the trial court had not abused its discretion when it reopened the case to permit surrebuttal by one of the parties and then cross-examination. The panel noted, however, the court's unexpected change of position did not prejudice any party. *Id.* at 1003.

■ Here, without deciding whether the District Court abused its discretion in finding the disputed evidence relevant, we hold the City was prejudiced because it was not given an opportunity to cross-examine defendant USMP's witness concerning the OSHA requirement. By submitting the OSHA label requirement to the jury through an instruction, and by singling out that one fact as something the jury should consider in determining fraud, the district court also improperly emphasized that evidence.

## III.

Without filing a cross-appeal, Appellees nevertheless contend any error regarding the City's fraud claims was harmless because the District Court erred in denying their motions for summary judgment and for a directed verdict based on the applicable statute of limitations. We disagree.

■ In Kansas, the two-year limitations period for a fraud claim begins to run when the person defrauded discovers such facts as would cause a reasonably prudent person to investigate, and which, if investigated with reasonable diligence, would lead to knowledge of the fraud. *Wolf v. Preferred Risk Life Ins. Co.,* 728 F.2d 1304, 1306 (10th Cir. 1984). Defendants here sought summary judgment on all the City's claims, asserting those claims were time-barred. The District Court found the City's non-fraud claims accrued by May 1987, at the latest, and therefore granted summary judgment as to them. The District Court, however, denied Defen-

dants' requests for summary judgment and a directed verdict with respect to the City's claims for fraud. Defendants assert this was error because both categories of claims were subject to the same two-year statute of limitations.

The City's original complaint, filed June 30, 1989, alleged Asbestospray and USMP had actual knowledge their products were hazardous to health at the time they sold them to the City and willfully and wantonly deprived the City of that information. The complaint, however, did not allege fraud. The City first alleged fraud in its Amended Complaint filed in February 1991.

■■■ The City acknowledges when it filed its Complaint it had a reasonable basis to believe punitive damages were warranted and had general information indicating fraud, but claims it did not have enough information to allege fraud with particularity until it hired specialized attorneys approximately one year after the Complaint was filed. The District Court properly determined the accrual issue to be one for the trier of fact and submitted it to the jury. The jury in turn found the City's fraud claims timely under the Kansas discovery rule. Thus, we conclude the District Court did not err in denying Defendants' motion for summary judgment on the fraud claims.

### IV.

The City next contends the District Court committed reversible error when it granted Defendants' motion for summary judgment on the City's strict liability and negligence claims on statute of limitations grounds. The City asserts the operation of Century II is primarily a governmental function and, therefore, it is immune from the application of statutes of limitations under Kansas law. Alternatively, the City asserts the District Court erred in not allowing the jury to determine when the statute of limitations accrued as to these claims. We disagree.

The standard of review for summary judgment rulings is *de novo* and we employ the same standard as applied by the district court. *Monarch Cement Co. v. Lone Star Indus., Inc.*, 982 F.2d 1448, 1451 (10th Cir.

1992). The district court's summary judgment ruling will be affirmed if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* We must view the facts and inferences to be drawn from the record in the light most favorable to the nonmoving party. *Burnette v. Dow Chemical Co.*, 849 F.2d 1269 (10th Cir.1988).

■■■ Kansas law requires public entities to comply with statutes of limitations when pursuing actions arising out of a proprietary function or activity, but grants them sovereign immunity against statutes of limitations defenses in actions arising out of a governmental function or activity. K.S.A. § 60–521. *Applied in State ex rel. Stephan v. GAF Corp.*, 242 Kan. 152, 747 P.2d 1326, 1333 (1987); *State ex rel. Schneider v. McAfee*, 2 Kan.App.2d 274, 578 P.2d 281, 283 (1978).

■■■ Determination of whether a cause of action arises out of a proprietary or governmental function turns on an analysis of the underlying activity of the public body and not the purpose for which the City brings the lawsuit. K.S.A. § 60–521. *Applied in City of Attica v. Mull Drilling Co., Inc.*, 9 Kan. App.2d 325, 676 P.2d 769, 772–73 (1984); *McAfee*, 578 P.2d at 283.

> Governmental functions are those which are performed for the general public with respect to the common welfare and for which no compensation or particular benefit is received, while proprietary functions are exercised when carried on by private individuals or is for the profit, benefit or advantage of the governmental unit conducting the activity.

*State ex rel. Stephan v. Brotherhood Bank & Trust Co.*, 8 Kan.App.2d 57, 649 P.2d 419, 423 (1982); *McAfee*, 578 P.2d at 283.

■■■ The District Court carefully considered the "shadowy distinctions" between "proprietary" or "governmental" municipal functions under Kansas law and, viewing the evidence in the light most favorable to the City, concluded the predominant function of the Century II convention center is to provide commercial benefits to the City of Wichita, rather than to perform a strictly governmental function. *See City of Wichita v.*

*United States Gypsum Co.,* 828 F.Supp. 851, 863 (D.Kan.1993). The District Court noted that Century II's "mission statement" stated its purpose is to provide a venue for public and private events and a meeting space for conventions and trade shows, as well as a site for the performing arts. *Id.* It also found that one of Century II's functions is to foster economic development in the local community and the state. *Id.* While partly supported by tax revenue, the District Court determined over ninety percent of Century II's users pay a fee for such use. *Id.*

We agree with the District Court and hold that the City's cause of action arose out of a proprietary function and, thus, was subject to applicable statutes of limitations. *See City of Attica,* 676 P.2d at 773 (in suit for damages arising from saltwater contamination, city's operation of water supply system deemed proprietary).

 We also conclude the District Court properly applied the Kansas statute of limitations to the City's strict liability and negligence claims. Kansas law provides a cause of action does not accrue until substantial injury is caused or, if the injury is not immediately reasonably ascertainable, until the injury becomes reasonably ascertainable to the injured party. K.S.A. § 60–513(b). Where the affirmative defense of the statute of limitations is asserted, summary judgment may be proper where there is no dispute or genuine issue as to the time when the statute commenced to run. *Gilger v. Lee Constr., Inc.,* 249 Kan. 307, 820 P.2d 390, 394 (1991). In a tort action, however, where the evidence is in dispute as to when substantial injury first appears or becomes reasonably ascertainable, the issue is for the trier of fact. *Id.*

 Actual physical injury is an essential element of any negligence claim and tort liability may not be premised on mere risk of potential future harm not yet suffered. *Adams–Arapahoe School Dist. v. GAF Corp.,* 959 F.2d 868, 872 (10th Cir.1992) (applying Colorado law).[2] In "asbestos in

buildings" tort cases, contamination of the building or other property resulting from the release of asbestos product fibers satisfies the actual physical injury requirement. *Id.* Mere presence of asbestos in a product or risk of injury from the presence of asbestos does not constitute the type of physical injury remediable by tort action. *Perlmutter v. U.S. Gypsum Co.,* 4 F.3d 864, 868 (10th Cir.1993).

The City contends the statute of limitations commenced to run when it reasonably ascertained it had sustained actual contamination. The City asserts it did not discover actual contamination until December 1988, when it received a report from a consultant it hired to perform a comprehensive survey of asbestos products in Century II. The City filed its lawsuit within six months thereafter.

 The District Court found the consultant's report included no new material information regarding contamination than that already known to the City or which the City could reasonably have ascertained before June 30, 1987. To wit, the City had stated in answer to defendant U.S. Minerals' interrogatories that fiber releases had likely been occurring since construction of the building. (Appellant's App., Vol. I at 159.) In April 1987 the City's Safety Officer recommended testing for presence of airborne asbestos fibers and recommended workers entering the attic area at Century II wear respirators and disposable clothing. *Id.* at 248. In May 1987 the City adopted these measures. *Id.* at 251. By 1986 the City had received an EPA assessment and an independent assessment done by the City's health department which recommended removing some of the materials at issue. *Id.* at 190, 228. Finally, the director of Century II had submitted a budget request in early 1987 for removal of material in the convention hall. *Id.* at 233, 242.

Through the exercise of reasonable diligence the City could have hired a consultant to perform tests before June 30, 1987, partic-

---

**2.** We are aware of no Kansas cases addressing the actual physical injury requirement in the context of asbestos contamination. As the District Court observed, however, the formulation set forth in *Adams–Arapahoe* "is consistent with

Kansas strict liability law, which allows a cause of action against manufacturers for products that are defective in a way that subjects persons or tangible property to unreasonable risks of harm." *City of Wichita,* 828 F.Supp. at 864–65.

ularly since such action had been recommended by its Safety Officer. No policy would be served by allowing the City to delay the accrual of its claims simply by not conducting tests for contamination. Thus, we hold the contamination was reasonably ascertainable before June 30, 1987, and, accordingly, conclude the District Court did not err in granting Defendants' motion for summary judgment.

## V.

The City contends the District Court erred in holding it could not recover asbestos removal and containment costs under its tort theories in the absence of a present unreasonable risk of harm to building occupants. We disagree.

As set forth above, actual physical injury is an essential element of any negligence claim and tort liability may not be premised on mere risk of potential future harm not yet suffered. *Adams–Arapahoe School Dist. v. GAF Corp.,* 959 F.2d at 872. The City interprets the District Court's holding as requiring that there be an unreasonable risk of harm at time of trial and, therefore, argues a plaintiff who removed asbestos-containing material prior to suit would be unable to maintain a cause of action for damages due to the absence of a present risk of harm.

The City is correct in asserting *Adams–Arapahoe* permits a plaintiff to recover if it could show an existing unreasonable health risk at the time of removal of asbestos. We disagree, however, with the characterization of the District Court's holding as requiring risk of harm at the time of trial. The holding in *Adams–Arapahoe* is succinctly that tort liability may not be premised on mere risk of potential future harm not yet suffered. 959 F.2d at 872. We read the District Court's ruling as applying this holding to the facts of this case.

■ Because *Adams–Arapahoe* requires actual contamination rather than a mere risk of future harm, we conclude the District Court did not err in holding the City could not recover in the absence of a present unreasonable risk of harm to building occupants. The strained characterization of the

District Court's holding proffered by the City on appeal is rejected.

## VI.

The City asserts the limitations period on its implied warranty claim was tolled by Defendants' fraudulent concealment of facts that would have alerted the City to its claims. It contends, therefore, the District Court erred in granting Defendants' motion for summary judgment on its implied warranty claims on statute of limitations grounds. Again, we disagree.

■ Under Kansas law, in order to constitute concealment of a cause of action within the general rule tolling the statute of limitations, there must be something of an affirmative nature designed to prevent, and which does prevent, discovery of the cause of action. *Baker v. Board of Regents,* 991 F.2d 628, 633 (10th Cir.1993); *Friends Univ. v. W.R. Grace & Co.,* 227 Kan. 559, 608 P.2d 936, 941 (1980). The party alleging concealment must show his ignorance was not the result of his lack of diligence, but was due to affirmative acts or active deception to conceal facts giving rise to the claim. *Id.,* n. 4.

■ The District Court found the City's Amended Complaint and the Pretrial Order did not allege sufficient affirmative acts by Defendants to conceal material facts as would satisfy the standard set forth in *Grace.* Moreover, the City did not allege with particularity facts showing its ignorance was not the result of its own lack of diligence. We conclude the District Court did not err in granting Defendants' motion for summary judgment on the City's implied warranty claim on statute of limitations grounds.

## VII.

Finally, the City contends the District Court erred in refusing to submit to the jury the issue of whether Defendants were equitably estopped from relying on a statute of limitations defense because of their alleged fraud. We find it did not.

■ Under Kansas law, equitable estoppel applies if defendants have induced plaintiffs to delay their filing of the action either

through affirmative acts or through silence concerning material facts when under an affirmative duty to speak. *Zurn Constructors, Inc. v. B.F. Goodrich Co.,* 746 F.Supp. 1051, 1056 (D.Kan.1990). Actual fraud in the technical sense is not required but a defendant must be found to have "lulled" his or her adversary into a false sense of security to forestall the filing of suit. *Id.*

The trial court found no evidence of any contact between the City and Defendants after completion of Century II. Absent evidence that Defendants induced the City to delay in filing its claims, the District Court properly refused to submit the equitable estoppel issue to the jury.

### CONCLUSION

For the foregoing reasons, it is ORDERED that the judgment of the District Court entered upon a jury verdict against the City on its fraud claims is REVERSED. With the exception of its treatment of the OSHA labelling requirement, the District Court is AFFIRMED in all other respects. The matter is REMANDED to the District Court for further proceedings consistent with this opinion.