**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**JAN 24 2001**

**PATRICK FISHER**
**Clerk**

PAMELA ANNE LAUCK and JOHN
DAVID LAUCK,

      Plaintiffs-Appellants-Cross-
      Appellees,

v.

MICHAEL P. COSBY, D.D.S., M.D.,
individually; COSBY & JAMES, P.C.,
a professional corporation and
successors in interest,

      Defendants-Appellees-Cross-
      Appellants.

Nos. 99-1285 and 99-1309
(D.C. No. 96-S-2660)
(Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Circuit Judge, **McWILLIAMS**, Circuit Judge, and
**JENKINS**[**], District Judge.

---

On February 3, 1997, Pamela Anne Lauck and her husband, John David

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Honorable Bruce S. Jenkins, Senior District Judge, United States District Court for the District of Utah, sitting by designation.

Lauck, filed an amended complaint in the United States District Court for the District of Colorado, naming as defendants Michael P. Cosby, D.D.S., M.D., individually, and Cosby & James, P.C., a professional corporation. Jurisdiction was based on diversity of citizenship, the plaintiffs then being citizens of Arizona and the defendants being citizens of Colorado. 28 U.S.C. § 1332. In their amended complaint plaintiffs alleged that on or about October 1, 1985, Dr. Cosby performed upon Pamela Lauck in Denver, Colorado, a bilateral temporomandibular joint proplast implant reconstruction utilizing Vitek implants. The gist of the complaint was that subsequent to the implantation procedure, Dr. Cosby, starting in about 1991, received various and sundry notices and warnings relating to the dangers of Vitek proplast implants, and that Dr. Cosby "made no reasonable effort to contact the plaintiffs to warn them of the associated dangers except, according to the defendants, to send a form letter, dated January, 1991, which the defendants claim was sent by Certified Mail, but was returned without delivery." (Plaintiffs moved from Denver, Colorado, to New Jersey in 1989, and later moved to Arizona.) The plaintiffs went on to allege that, as a result of the defendants' failure to take reasonable steps to warn them of the dangers of the procedure, they suffered damages. In due time the defendants filed an answer to the amended complaint.

The case was tried to a jury of twelve persons from March 15 to 19, 1999.

On March 19, 1999, the jury returned its verdict. By special verdict the jury found that the plaintiffs had incurred injuries, but that the defendants were not negligent, and, alternatively, if the defendants were in any way guilty of negligence such was not the cause of plaintiff's injuries. Judgment was duly entered on the jury's verdict and plaintiffs appeal.

Because of the nature of plaintiffs' argument on appeal, the evidentiary facts adduced at trial need not be set forth in any detail. As indicated, the crucial issue in the case was whether defendants took reasonable steps to promptly warn plaintiffs of their after acquired knowledge of dangers in the Vitek procedure. In this appeal, the plaintiffs do not, for example, challenge the sufficiency of the evidence to support the jury's verdict. Rather, on appeal they only challenge the giving, over objection, of instruction No. 14 on the "failure to mitigate damages" and the refusal of the district court to give their tendered instruction on "duty to warn." This is not a malpractice case. Rather, the plaintiffs rely on so-called common law negligence.

In a diversity case, the substance of a jury instruction is a matter of state law, but the grant or denial of a tendered instruction is governed by federal law. *Wolfgang v. Mid-America Motorsports, Inc.,* 111 F.3d 1515, 1525 (10th Cir. 1997). The admission or exclusion of a particular jury instruction is within the sound discretion of the trial court. *City of Wichita v. United States Gypsum Co.,*

72 F.3d 1491, 1495 (10th Cir. 1996).

Over objection, the district court gave the following instruction on failure to mitigate damages:

> If you find that the Plaintiff, Pamela A. Lauck, has incurred actual damages, then you must consider whether the Defendants, Michael P. Cosby, D.D.S., M.D. and Cosby & James, P.C., has proved their affirmative defense of Plaintiff's failure to mitigate or minimize damages. The Plaintiff has the duty to take reasonable steps under the circumstances to mitigate or minimize her damages. Damages, if any, caused by Plaintiff's failure to take such reasonable steps cannot be awarded to the Plaintiff.
>
> This affirmative defense is proved if you find both of the following have been proven by a preponderance of the evidence:
>
> 1. Pamela A. Lauck failed to follow the advice of Dr. Keiser and specifically failed to obtain the x-rays he requested and/or Pamela A. Lauck failed to call Dr. Cosby when she began to experience pain in her temporomandibular joints.
>
> 2. Such failures caused the Plaintiff to incur more injuries, damages and losses than she otherwise would have; and
>
> 3. The amount of damages caused by such failure.
>
> If you find that any one or more of these propositions has not been proved by a preponderance of the evidence, then you shall make no deduction from Plaintiff's damages.
> On the other hand, if you find that both of these propositions have been proved by a preponderance of the evidence, then you must determine the amount of

damages caused by the Plaintiff's failure to take such reasonable steps. This amount must not be included in your award of damages.

Plaintiffs argue that the evidence did not support the giving of the instruction, and they particularly complain about the language in the instruction to the effect that defendants' affirmative defense is proven if Pamela Lauck failed to follow the advice of a Dr. Keiser and if she failed to call Dr. Cosby. Defendants argue that the evidence did support the giving of the instruction, and that in any event the instruction related to mitigation of damages which otherwise might be awarded plaintiffs, and that the jury never reached the question of damages, since the jury returned a verdict that the defendants were not negligent in their efforts to try and warn the plaintiffs and were not otherwise liable to the plaintiffs in any amount. We agree with this latter argument. The instruction by its very terms related to the amount of damages issue, which issue the jury never reached because of its finding that the defendants were not negligent.

Plaintiff tendered the following instruction concerning the "duty to warn:"

The defendants owed a duty to the plaintiffs to warn the plaintiffs of the potential dangerous nature of the implants and of the FDA warnings about such implants when subsequent to the insertion for the implants, the defendants obtained actual knowledge of the hazards related to the implants.

The district court declined to accept the tendered instruction, and, on appeal, plaintiffs contend such denial constitutes reversible error. We do not

- 5 -

agree. Counsel for defendants concedes that the defendants had a duty to attempt to warn plaintiffs of the after-the-operation acquired knowledge as to the danger inherent in the procedure, and their defense was that they did take reasonable steps to notify the plaintiffs but were simply unsuccessful in the efforts to locate plaintiffs, who by that time were residing in New Jersey. The tendered instruction, if taken literally, seems to mean that the defendants had an absolute duty to warn, no matter what, and that a reasonable attempt to warn was no defense. That is not the way the plaintiffs couched their action. As stated, this is not a malpractice action in which the plaintiffs claim that Dr. Cosby, as of the date of the implant procedure, knew of the dangers inherent in the procedure and failed to warn plaintiffs. Dr. Cosby's awareness of such dangers came several years later.

In instruction No. 2, the plaintiffs' theory of the case was set forth as follows:

> Plaintiff Pamela A. Lauck claims that Dr. Cosby, and Cosby & James, P.C., <u>were negligent in failing to take</u>
> <u>reasonable steps to locate her and warn her about the</u>
> <u>Vitek Proplast Temporomandibular Joint implants placed</u>
> <u>by Dr. Cosby on October 1, 1985</u>. Plaintiff claims that the negligence of Dr. Cosby, and Cosby & James, P.C., caused her pain and suffering, inconvenience, emotional stress, impairment of the quality of life, physical impairment and disfigurement, past and future medical and other health care expenses and past lost earnings. (emphasis ours).

In denying plaintiffs' post trial motion for a new trial, the district court explained its reasons for denying plaintiffs' tendered instruction on duty to warn as follows:

> Under those circumstances, the Court does not find the case law cited by Plaintiff persuasive. Where Plaintiff brought her claim as a common law negligence cause of action, the Court finds that it would have been inappropriate to instruct the jury on a duty that is generally considered to arise from a professional standard of care. Plaintiffs chose not to present the case as a medical malpractice case depending on an expert's testimony of standard of care. In addition, as stated during trial, the Court believes that giving the requested instruction would have been tantamount to directing a verdict for the Plaintiffs in that it was undisputed that Defendants had not reached Plaintiff Pamela Lauck to inform her of the need to have the implants removed.

In our view, the district court, under the circumstances, did not err in refusing to instruct the jury on the so-called "duty to warn." Plaintiffs did not plead, or attempt to prove, that as of the date of the implant procedure, Dr. Cosby knew of any danger inherent in the procedure and failed to warn plaintiffs of the danger involved. Rather, plaintiffs' theory was that several years after the procedure, Dr. Cosby became aware of the danger inherent in the Vitek procedure, and that he thereafter failed to take reasonable steps to so advise the plaintiffs. That is the way the case was presented to the jury.

By what they label as a conditional cross-appeal, defendants appeal the

district court's ruling wherein it excluded defendants' proffered expert testimony concerning the reasonableness of their efforts to notify plaintiffs, and others, about the potential problems with the Vitek procedure.  No. 99-1309.  The defendants agree that if we affirm the judgment of the district court, as we do, their cross-appeal is moot.  Accordingly, the judgment is affirmed and the cross-appeal is dismissed as being moot.

Entered for the Court,

Robert H. McWilliams
Senior Circuit Judge